THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CV-329-F

| | |
|---|---|
| LAURENCE ALVIN BULLOCK, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| BEASLEY & ALLEN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before this court for review of application to proceed *in forma pauperis* and complaint of Plaintiff Laurence Alvin Bullock, III ("Plaintiff") pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B). [DE-1]. In the view of this court, Plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS Plaintiff's motion to proceed *in forma pauperis*. However, for the reasons provided below, this court RECOMMENDS that the complaint be DISMISSED.

## I. PLAINTIFF'S COMPLAINT

Plaintiff, a resident of North Carolina, has filed suit against the law firm of Beasley & Allen ("Defendant"), located in Montgomery, Alabama. Compl. at 1-2. Plaintiff alleges that Defendant used Plaintiff's medical records to sue "Emi-Lilly" and "off [sic] me (5,772) and I refused it." *Id.* at 2. Plaintiff alleges further that "[Defendant] said that they [sic] were going to give me (13,192)." *Id.* Finally, Plaintiff alleges that "[t]hey [sic] file [sic] a class action law suit [sic] against Emi-Lilly for (31,000,000) with my medical records." *Id.* Plaintiff seeks only punitive damages against Defendant in the amount of 1.5 million dollars. *Id.* at 3.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

2

In evaluating a case under § 1915, a court may look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (relying on standards set out in Rule 12(b)(6) cases in applying failure to state claim provision in 28 U.S.C. § 1915(e)(2)(B)(ii)); *Lugo v. INS*, 950 F. Supp. 743, 745 (E.D. Va. 1997) (failure to state claim provision in 28 U.S.C. § 1915A(b)(1) "appropriated" Rule 12(b)(6) standard). A complaint should be dismissed for failure to state a claim if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)). A court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the plaintiff, construing all reasonable factual inferences in the plaintiff's favor. *Id.*

## III. ANALYSIS

Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this court has construed liberally the allegations contained in Plaintiff's complaint. However, even affording Plaintiff a deferential examination of the allegations, this court finds that the complaint must be dismissed as frivolous.

Plaintiff's recitation of the factual basis of his complaint fails to identify a cause of action asserted against Defendant and is equally devoid of any legal theory. Plaintiff alleges simply that Defendant used Plaintiff's medical records in a class action lawsuit. Compl. at 2. Based on Plaintiff's allegations, it appears a recovery was made in the class action lawsuit and that Plaintiff refused to accept recovery because the amount offered was less than the amount promised. *Id.* Plaintiff has alleged no actual injury resulting from Defendant's alleged actions.

3

While Plaintiff seeks punitive damages, he offers no legal basis for recovery. Piercing the veil of Plaintiff's factual allegations, this court cannot identify a cause of action that may be supported by these allegations. *See Cochran*, 73 F.3d at 1318 (explaining the court "is not required to piece together causes of action from fragment ary factual recitations"); s*ee also Weller v. Depart. of Social Serv.*, 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and re ad claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted). Even if this court were to depart from the above directives and construe Plaintiff's allegations to assert a cause of action arising under contract, Plaintiff's claim fails nonetheless as it lacks the essential allegations to assert a viable cause of action. *See Claggett v. Wake Forest Univ.*, 126 N.C. App. 602, 608, 486 S.E.2d 443, 446 (1997) (To state a claim for breach of contract, the complaint must allege that a valid contract existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from such breach). Because Plaintiff has presented this court with no legal theory on which he seeks to recover, Plaintiff's complaint is legally baseless and must be dismissed as frivolous pursuant to 28 U.S.C. § 1915. *See Nietzke*, 490 U.S. at 327. In the alternative, for the reasons stated herein, Plaintiff's complaint must be dismissed for failure to state claim for which relief may be granted.

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS Plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED as frivolous or, in the alternative, for failure to state a claim.

4

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 30th day of July, 2009.

Robert B. Jones, Jr.
United States Magistrate Judge